Carla R. DARBY, Appellant,

v.

UNITED STATES, Appellee.

No. 94–CM–632.

District of Columbia Court of Appeals.

Argued May 17, 1995.
Decided Aug. 22, 1996.

George S. LaRoche, appointed by the court, Takoma Park, MD, for appellant.

Margaret M. Lawton, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Assistant United States Attorney, were on the brief, for appellee.

Before WAGNER, Chief Judge, TERRY, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM:

Appellant, Carla R. Darby, was charged by information with obstructing and impeding passage on United States Capitol grounds (D.C.Code § 9–112(b)(5) (1995)). The trial court denied Darby's motion to dismiss for lack of jurisdiction, and appellant entered a plea of guilty. Darby's central argument on appeal is that the trial court lacked jurisdiction because Congress exceeded the authority granted it under the Constitution in creating the court system and in otherwise legislating for the District of Columbia. We affirm.

■ The United States Constitution grants Congress the power "[t]o exercise exclusive Legislation in all Cases whatsoever, over" the District of Columbia. U.S. CONST. art. I, § 8, cl. 17. The scope of congressional power over the District of Columbia is expan-

sive. *See Palmore v. United States,* 411 U.S. 389, 397, 93 S.Ct. 1670, 1676, 36 L.Ed.2d 342 (1973); *see also District of Columbia v. A.F.G.E.,* 619 A.2d 77, 82 (D.C.1993). In describing the plenary power of Congress over the District of Columbia with reference to the establishment of courts for the District, the Supreme Court stated in *Palmore:*

> Congress "may exercise within the District all legislative powers that the legislature of a State might exercise within the State and may vest and distribute the judicial authority in and among courts and magistrates, and regulate judicial proceedings before them, as it may think fit, so long as it does not contravene any provision of the Constitution of the United States."

*Id.,* 411 U.S. at 397, 93 S.Ct. at 1676 (quoting *Capital Traction Co. v. Hof,* 174 U.S. 1, 5, 19 S.Ct. 580, 582, 43 L.Ed. 873 (1899)). Article I, Section 8, Clause 9 of the Constitution empowers Congress to constitute tribunals inferior to the Supreme Court of the United States.

■ Pursuant to its constitutional powers, Congress established the Superior Court of the District of Columbia and the District of Columbia Court of Appeals under the District of Columbia Court Reform and Criminal Procedure Act of 1970 (the Act). *See Palmore, supra,* 411 U.S. at 398, 407, 93 S.Ct. at 1676–77, 1681 (citation omitted). The Act vested the Superior Court with jurisdiction over any criminal case under any law applicable exclusively to the District of Columbia, and it vested the District of Columbia Court of Appeals with jurisdiction to hear appeals in such cases. *Id.* at 398, 93 S.Ct. at 1676–77; D.C.Code §§ 11–101, –721, –901, –923 (1995). In *Palmore,* the defendant moved to dismiss the indictment against him, contending that only a court created under Article III of the Constitution could try him for a felony prosecution under the District of Columbia Code. *Id.* at 393, 93 S.Ct. at 1674. The Supreme Court rejected this argument, concluding that "Palmore's trial in the Superior Court was authorized by Congress' Art. I power to legislate for the District in all cases whatsoever" and that "Congress was not required to provide an Art. III court for the trial of criminal cases arising under its

laws applicable only within the District of Columbia." *Id.* at 410, 93 S.Ct. at 1682. Darby's prosecution for violation of D.C.Code § 9–112(b)(5) in Superior Court is within the same constitutional authority recognized in *Palmore.*

■ We reject Darby's related arguments that Congress is "unconstitutional and illegitimate," and therefore its authority is annulled, including its authority to create the courts for the District. These claims are based on Darby's contention that Congress violated the equal protection clause in denying residents of the District the right to vote for congressional representatives. Even assuming the validity of this challenge, a question we need not decide here,[1] it would not alter the outcome of this case because there is no relationship between the claimed denial of the vote and Darby's rights in the criminal prosecution.

■ Darby also contends that the creation of the courts by Congress is unconstitutional because Congress has failed to ensure a republican form of government for the citizens of the District as provided in the Guarantee Clause of the Constitution. The referenced clause, Article IV, Section 4, provides that "[t]he United States shall guarantee to every State in this Union a Republican Form of Government." This provision applies to the states and cannot be read to restrict the power of Congress to legislate for the District which is conferred by Article I, Section 8, Clause 17 of the Constitution. *See Palmore, supra,* 411 U.S. at 407, 93 S.Ct. at 1681; *see also A.F.G.E., supra,* 619 A.2d at 81 ("the Contract Clause, applicable only to the fifty states, does not impose a limitation on congressional legislation for the District").

Finding no basis for reversal based upon any of Darby's arguments, we affirm.

*So ordered.*

1. It should be pointed out that the Constitution provides that members of the House of Representatives shall be chosen by the people of the several States, U.S. Const. art. I, § 2, cl. 1, and that Senators shall be elected by the people from each state. U.S. Const., amend. XVII.